FILED ___ LODGED
RECEIVED

MAR 02 2009

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

Magistrate Judge



09-CR-05028-PLAGR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES D. KING,<br><br>Defendant. | Case No. CR09-5028<br><br>PLEA AGREEMENT |

The United States of America, by and through Jeffrey C. Sullivan, United States Attorney for the Western District of Washington, and Casey Newcomb, Special Assistant United States Attorney for said District, and the defendant, CHARLES D. KING, and defendant's attorney, Jerome Kuh, enter into the following Plea Agreement, pursuant to Rule 11(c), Federal Rules of Criminal Procedure.

1. The defendant shall plead guilty to a single-count Information, which charges a violation of Title 18, United States Code, Sections 7 and 13, and R.C.W. 46.61.502 (driving while under the influence of alcohol).

2. <u>Statutory Penalties</u>. Defendant understands and acknowledges that the statutory penalties for the charge contained in the Information are imprisonment for up to one (1) year and minimum imprisonment for twenty-four (24) hours, a maximum fine of up to five thousand dollars ($5,000) and a minimum fine of three hundred fifty dollars

PLEA AGREEMENT - Page 1
United States v. CHARLES D. KING, CR09-5028

Special Assistant United States Attorney
Office of the Staff Judge Advocate
PO Box 339500 MS-69
Fort Lewis, Washington 98433-9500
(253) 967-0711 - (253) 967-0140 fax
lewissausa@conus.army.mil

($350), a mandatory twenty-five dollar ($25) special assessment penalty, and a maximum of one (1) year of supervised release. If the defendant receives a sentence of probation, the probationary period could be up to five (5) years. The government and the defendant stipulate for the purposes of sentencing that the BAC was below .150.

The defendant understands that supervised release is a period of time following imprisonment during which the defendant will be subject to certain restrictions and requirements.

The defendant further understands that if supervised release is imposed and the defendant violates one or more of its conditions, the defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in the defendant serving a total term of imprisonment greater than the statutory maximum stated above.

3.  <u>Rights Waived by Pleading Guilty</u>. The defendant understands that, by pleading guilty, the defendant knowingly and voluntarily waives the following rights:

   a.  The right to plead not guilty, and to persist in a plea of not guilty;

   b.  The right to a speedy and public trial before a jury of defendant's peers;

   c.  The right to the effective assistance of counsel at trial, including, if defendant could not afford an attorney, the right to have the Court appoint one for defendant;

   d.  The right to be presumed innocent until guilt has been established at trial, beyond a reasonable doubt;

   e.  The right to confront and cross-examine witnesses against defendant at trial;

   f.  The right to compel or subpoena witnesses to appear on defendant's behalf at trial;

PLEA AGREEMENT - Page 2
United States v. CHARLES D. KING, CR09-5028

Special Assistant United States Attorney
Office of the Staff Judge Advocate
PO Box 339500 MS-69
Fort Lewis, Washington 98433-9500
(253) 967-0711 - (253) 967-0140 fax
lewissausa@conus.army.mil

  g. The right to testify or to remain silent at trial, at which trial such silence could not be used against defendant; and

  h. The right to appeal a finding of guilt or any pretrial rulings.

4. <u>United States Sentencing Guidelines</u>. The defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines (USSG), together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, the defendant understands and acknowledges that:

  a. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties, or by the United States Probation Department; and

  b. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

5. The defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

6. The government believes that the base offense level for driving while under the influence of alcohol, under the Guidelines, would be 6. The government believes that if the defendant receives a two level reduction for acceptance of responsibility, the base

PLEA AGREEMENT - Page 3
United States v. CHARLES D. KING, CR09-5028

Special Assistant United States Attorney
Office of the Staff Judge Advocate
PO Box 339500 MS-69
Fort Lewis, Washington 98433-9500
(253) 967-0711 - (253) 967-0140 fax
lewissausa@conus.army.mil

offense level would be 4. The government believes that the defendant's criminal history category is I, thus under the Guidelines schedule the defendant's sentencing range would be 0 to 6 months.

7. <u>The Ultimate Sentence</u>. The defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose and that the defendant may not withdraw a guilty plea solely because the sentence imposed by the Court may be different from the recommendation of the government.

8. <u>Sentencing Recommendation</u>. At the time of sentencing, the government will recommend a period of imprisonment of twenty-four (24) hours, a fine of three hundred fifty dollars ($350), and the mandatory twenty-five dollar ($25) special assessment penalty.

9. <u>Statement of Facts:</u> The parties stipulate to the following facts in support of the plea:

> On or about September 13, 2008, at Fort Lewis, Washington, within the Western District of Washington, and within the special maritime and territorial jurisdiction of the United States, the defendant, CHARLES D. KING, drove up the the security gate. The defendant did not stop even with the gate guard, but overshot the position. The guard approached the vehicle and made contact with the defendant. The guard noticed that the defendant's movements appeared to be uncoordinated. The guard could smell alcohol coming from the defendant and saw that the defendant's eyes were bloodshot. The guard instructed the defendant to pull to the side of the road. Military police were notified and responded to that location. An officer contacted the defendant and observed that the defendant's speech was slow and slurred, his eyes were bloodshot and droopy, and there was an obvious odor of alcohol coming from the defendant. The defendant agreed to perform standard field sobriety tests, which in the officer's opinion showed signs of impairment. The defendant was detained and transported to the military police station, where BAC tests were performed with results of .185 and .175. The defendant was cited and released.

10. <u>Acceptance of Responsibility</u>. The United States acknowledges that defendant has assisted the United States by timely notifying the authorities of defendant's

PLEA AGREEMENT - Page 4
United States v. CHARLES D. KING, CR09-5028

Special Assistant United States Attorney
Office of the Staff Judge Advocate
PO Box 339500 MS-69
Fort Lewis, Washington 98433-9500
(253) 967-0711 - (253) 967-0140 fax
lewissausa@conus.army.mil

intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. <u>Voluntariness of Plea</u>. Defendant acknowledges that he has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce the defendant to enter this plea of guilty.

12. <u>Completeness of Agreement</u>. The United States and the defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Plea Agreement only binds the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

DATED this 2nd day of MARCH, 2009.

_____
CHARLES D. KING
Defendant

_____
JEROME KUH
Attorney for Defendant

_____
CASEY NEWCOMB
Special Assistant United States Attorney

PLEA AGREEMENT - Page 5
United States v. CHARLES D. KING, CR09-5028

Special Assistant United States Attorney
Office of the Staff Judge Advocate
PO Box 339500 MS-69
Fort Lewis, Washington 98433-9500
(253) 967-0711 - (253) 967-0140 fax
lewissausa@conus.army.mil